Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000689
23-MAR-2018
11:42 AM

NO. CAAP-17-0000689

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


TIMOTHY K. POBANZ and JOYCE E. POBANZ,
Plaintiffs-Appellees,
v.
RALPH KRAUSE, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3RC-16-1-1064)


ORDER GRANTING DECEMBER 27, 2017 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of (1) Plaintiffs-Appellees Timothy K. Pobanz and Joyce E. Pobanz's (the Pobanz Plaintiffs) December 27, 2017 motion to dismiss appellate court case number CAAP-17-0000689 for lack of jurisdiction, (2) the lack of a memorandum by Defendant-Appellant Ralph Krause (Krause) in opposition to the Pobanz Plaintiffs' December 27, 2017 motion, and (3) the record, it appears that we lack appellate jurisdiction over Krause's appeal from the Honorable Diana L. Van De Car's July 17, 2017 judgment for possession in Civil No. 3RC 16-1-1064 because Krause's appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP).

The July 17, 2017 judgment for possession did not finally determine and resolve all of the claims in the Pobanz Plaintiffs' complaint, as Hawaii Revised Statutes § 641-1(a) (2016) normally requires for an appeal from a civil district court case under the holding in Casumpang v. ILWU, Local 142, 91 Hawai'i 425, 426, 984 P.2d 1251, 1252 (1999). Nevertheless, under the circumstances of this case, the July 17, 2017 judgment for possession was immediately appealable pursuant to Forgay v. Conrad, 47 U.S. 201 (1848), which "allows an appellant to immediately appeal a judgment for execution upon property, even if all claims of the parties have not been finally resolved." KNG Corp. v. Kim, 107 Hawai'i 73, 77, 110 P.2d 397, 401 (2005) (citation and internal quotation marks omitted). However, Krause did not file his September 25, 2017 notice of appeal within thirty days after entry of the July 17, 2017 judgment for possession, as HRAP Rule 4(a)(1) required for a timely appeal. Thus, "[t]he immediate appeal of the judgment for possession under the Forgay doctrine being untimely, [the aggrieved party] must await final resolution of all claims in the case before challenging the judgment for possession." Ciesla v. Reddish, 78 Hawai'i 18, 21, 889 P.2d 702, 705 (1995).

The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal.").

Therefore, IT IS HEREBY ORDERED that the Pobanz Plaintiffs' December 27, 2017 motion to dismiss this appeal is granted, and appellate court case number CAAP-17-0000689 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-17-0000689 are dismissed as moot.

DATED: Honolulu, Hawai'i, March 23, 2018.

Presiding Judge

Associate Judge

Associate Judge